## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LAWRENCE HUBERT MATTHEWS TRUST, | ) ) ) ) | CASE NO. 1:25 CV 490 |
| Plaintiff, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) ) | |
| TERRENCE JONES, et al., | ) ) | OPINION AND ORDER |
| Defendants. | ) | |

### Introduction

Lawrence Hubert Matthews ("Plaintiff"), acting *pro se* and identifying himself as "Libellant," has filed a pleading in this civil case labeled "Notice of Default in Dishonor." (Doc. No. 1.)  His pleading names the City of Cleveland Division of Water, Cuyahoga County Common Pleas Court, Cuyahoga County Treasury Department, Terrence Jones, and the Northeast Ohio Regional Sewer District as "Libellees."  (*Id.*)

Plaintiff's pleading is incomprehensible.  It consists of an amalgam of unclear legal jargon, statements, and claims unconnected to cogent factual allegations.  As best as the Court is able to discern, Plaintiff purports to assert federal claims pertaining to a pending tax foreclosure case filed against him in Cuyahoga County and the County's efforts to collect his state taxes. *See Treasurer of Cuyahoga County, Ohio v. Lawrence H. Matthews*, CV-24-991597 (Cuy. Cty. Ct. of Comm. Pls.). He appears to seek monetary relief.

On June 2, 2025, Plaintiff filed a "Notice of Extension and Stay Request" in this case. (Doc. No. 3.)  This filing is also unclear, but it appears Plaintiff is requesting an extension of

time to complete service of process in the case. He states that "[a]ll named defendants are under

contract and ha[v]e agreed to federal jurisdiction before the case was filed," but that he "just

need[s] time to give them an opportunity to cure." *Id*.

### Standard of Review and Discussion

Federal district courts are required to construe *pro s*e complaints liberally and hold them

to less stringent standards than formal pleadings drafted by lawyers. *Spotts v. United States*, 429

F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30

L.Ed.2d 652 (1972)). Nevertheless, the generous construction afforded *pro se* plaintiffs has

limits, and courts are not required to conjure allegations or construct claims on behalf of a *pro se*

litigant. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *See Erwin v. Edwards*, 22 F.

App'x 579 (6th Cir. 2001).

Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts

are permitted to dismiss *sua sponte* any complaint – even a fee-paid complaint filed by a non-

prisoner -- for lack of subject matter jurisdiction if it appears that the allegations of the complaint

are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open

to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable

basis in law. *Neitzke v. Williams*, 490 U.S. 319 (1989). Federal courts, moreover, are courts of

limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case.

*See* Fed. R. Civ. P. 12(h).

Upon review, the Court finds that Plaintiff's action warrants *sua sponte* dismissal for lack

of subject matter jurisdiction. First, Plaintiff's pleading is so incomprehensible that it fails to

provide a basis to establish this Court's subject-matter jurisdiction over any plausible federal

claim against any Defendant in the case.  *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Bradley v. Ruiz*, Case No. 1: 20 CV 809, 2020 WL 4582699, at *1 (N.D. Ohio Aug. 10, 2020).

Second, to the extent his pleading can even be deciphered, it pertains to Cuyahoga County's efforts to collect his taxes.  Where state remedies exist, the Tax Injunction Act (28 U.S.C. § 1341) and principles of comity deprive federal courts of jurisdiction to consider claims that seek to enjoin, suspend, or restrain the assessment, levy or collection of any state tax. *Franchise Tax Bd. of California v. Alcan Aluminum Ltd.*, 493 U.S. 331, 338–39 (1990); *see also Barksdale v. State of Ohio General Assembly*, No. 1:22 cv 2107, 2023 WL 2139369, at *2 (N.D. Ohio Feb. 21, 2023); *Caldwell v. Giunta*, No. 1: 22 cv 1829, 2023 WL 375210, at *2 (N.D. Ohio Jan. 24, 2023).  These same principles also deprive the federal courts of jurisdiction to award damages for the collection of state taxes.  *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 100–01 (1981); *Pegross v. Oakland Cnty. Treasurer*, 592 Fed. App'x 380, 380–87 (6th Cir. 2014).  Furthermore, this Court will not exercise jurisdiction in a case that seeks to interfere with an ongoing state tax foreclosure proceeding.  *See Ash El Bey v. Treasurer of Cuyahoga Cnty.*, No. 1: 25 cv 375, 2025 WL 1141809, at *2 (N.D. Ohio Apr. 17, 2025).

Here, there is no suggestion that state remedies do not exist to address any objections Plaintiff may have with respect to state taxes and the collection of his taxes.  This Court will not interfere with a state tax foreclosure proceeding.

### Conclusion

Based on the foregoing, this action is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h) and the Court's authority established in *Apple v. Glenn*.

Plaintiff's motion for "extension and stay" (Doc. No. 3) is denied as futile. The Court further

certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken

in good faith.

　　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　/s/ *David A. Ruiz*
　　　　　　　　　　　　　　　　　　　DAVID A. RUIZ
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Date: July 11, 2025